UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TRINITY TOWN CENTER, LLP and**
**TRINITY CORNER, LLC,**

    **Plaintiffs,**

v.                                                                        Case No.  8:13-cv-370-T-30AEP

**FEDERAL DEPOSIT INSURANCE**
**CORPORATION, as Receiver for Old**
**Harbor Bank,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon the motion to dismiss filed by Defendant Federal Deposit Insurance Corporation, as Receiver for Old Harbor Bank ("FDIC") (Dkt. 4) and the response filed by Plaintiffs Trinity Town Center, LLP ("Trinity Center") and Trinity Corner, LLC ("Trinity Corner") (jointly, "Plaintiffs") (Dkt. 9).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## BACKGROUND

The facts are taken from Plaintiffs' complaint.  Plaintiffs filed this action against the FDIC for declaratory relief and damages related to the FDIC's repudiation of a lease.  On or about March 31, 2006, Trinity Center and Old Harbor Bank ("Bank") executed and delivered a lease (the "Lease") whereby Trinity Center leased certain real property in Pasco County,

Florida to the Bank. On August 5, 2009, the Bank renewed and advanced additional funds on an existing loan (the "Loan") to Trinity Corner. The Loan was secured by real property, but as consideration for the renewal and advance, Plaintiffs and the Bank agreed that Trinity Center would assign the Lease as collateral and that payments due under the Lease would be set off against the loan payments due to the Bank.

On August 18, 2011, Plaintiffs notified the Bank that it was in default on the Lease, accelerated the payments, and declared a setoff against the balance of the Loan. The Bank acknowledged the setoff orally, but ignored the acceleration and setoff of the total lease payments and continued setting off individual monthly payments based on instructions it received from the FDIC.

In October 2011, the FDIC was appointed receiver for the Bank. Following the appointment, the FDIC established January 25, 2012, as a general bar date for claims (the "General Bar Date"). Also in October 2011, 1st United Bank purchased the assets of the Bank from the FDIC and continued to be in possession of the premises until January 16, 2012, when it vacated the property. During this time period, the FDIC and 1st United Bank continued to ignore the default, acceleration, and setoff declared in August 2011.

On December 5, 2011, the FDIC notified Trinity Center that 1st United opted not to assume the Lease, but that the FDIC had not yet disaffirmed or repudiated the Lease, was continuing to occupy the leasehold, and would communicate formal repudiation in writing.

On March 16, 2012, the FDIC notified Trinity Center that it was repudiating the Lease and informed Trinity Center that it had ninety days to file a claim.  On or about June 14, 2012, Trinity Corner and Trinity Center each filed a Proof of Claim.  On October 11, 2012, the FDIC issued a "Notice to Claimant - Disallowance of Claim as Untimely Filed" to Trinity Corner and Trinity Center (the "Notices"), purporting to disallow the claims in part, allowing only post failure rent and claims for damages to the leasehold, and determining that an unidentified portion of the claims were subject to the General Bar Date.

Plaintiffs allege that the Notices were defective because they did not notify Plaintiffs of their rights, administrative, or judicial, and were addressed incorrectly.

Plaintiffs allege that the FDIC did not repudiate the Lease in a reasonable period of time because more than 150 days elapsed between the FDIC's appointment as Receiver for the Bank and the repudiation of the Lease.  Plaintiffs allege that the FDIC's failure to repudiate the Lease within a reasonable period of time bars the FDIC from repudiating the Lease; therefore, the FDIC remains liable for lease payments under the Lease on a continuing basis and is in default under the Lease.

Plaintiffs allege that the Loan and the Lease constitute one transaction under Florida law.  And that the FDIC could not sell the Loan separate and apart from the Lease, repudiate the Lease, and leave Trinity Corner without rents from the Lease to pay the Loan.

Plaintiffs seek a declaration that: (1) the FDIC could not repudiate the Lease because the Lease and the Loan are one contract; (2) the FDIC failed to repudiate the Lease within

a reasonable period fo time; and (3) the Lease is fully enforceable in accordance with its terms against the FDIC.

Plaintiffs also seek damages against the FDIC based on its breach of the Lease.

The FDIC now moves to dismiss the entirety of Plaintiffs' complaint based on Plaintiffs' failure to administratively exhaust their remedies and Plaintiffs' failure to state a claim upon which relief may be granted.

## DISCUSSION

**I.     Whether the Court Has Subject Matter Jurisdiction**

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of claims if the Court lacks subject matter jurisdiction. The FDIC argues that the Court does not have subject matter jurisdiction over Plaintiffs' claims because Plaintiffs failed to exhaust their administrative remedies. Specifically, the FDIC contends that Plaintiffs should have filed their claims by the January 25, 2012 General Bar Date. Plaintiffs counter that they could not file a claim with respect to the FDIC's repudiation of the Lease by January 25, 2012, because the FDIC did not repudiate the Lease until March 16, 2012.

The Court agrees that Plaintiffs' claims with respect to the FDIC's repudiation of the Lease are not barred. As Plaintiffs point out, the law is clear that the general bar date does not apply when the claim is based upon an act or omission of the FDIC that occurs *after* the general bar date has passed. *See* 12 C.F.R. § 380.35(b)(2)(i). Plaintiffs allege in their complaint that their "claims are post-repudiation claims" (Dkt. 1). Moreover, the complaint alleges that the Loan and the Lease were one transaction under Florida law and that the FDIC

could not sell the Loan separate and apart from the Lease, repudiate the Lease, and leave Trinity Corner without rents from the Lease to pay the Loan. As the complaint's allegations make clear, this issue is the crux of the declaratory claim and the claim for damages, and was not known to Plaintiffs until the FDIC repudiated the Lease on March 16, 2012.

Accordingly, the FDIC's argument that Plaintiffs' claims were not administratively exhausted fails at this stage given the allegations of the complaint.

## II.     Whether Plaintiffs' Claims Are Barred for Failure to Timely File This Case

The FDIC argues that Plaintiffs did not file this case within sixty days of the FDIC's notices of disallowance. A notice of disallowance must be mailed to the claimant at the last address of the claimant which appears in the depository institution's books, the proof of claim, or documents submitted with the proof of claim. 12 U.S.C. § 1821(d)(5)(A)(iii). The notice must contain both a statement of each reason for disallowance and the procedures required to file an action in court. 12 U.S.C. § 1821(d)(5)(A)(iv). A claimant whose claim has been disallowed may then seek a judicial determination in district court within the earlier of 60 days of the notice of disallowance or 240 days from the filing of the claim. 12 U.S.C. § 1821(d)(6)(A).

Plaintiffs allege that the FDIC failed to mail the notices of disallowance to their addresses as they appeared in the Proofs of Claim. This failure resulted in Plaintiffs' agent not receiving the notices of disallowance in time to file the claim until more than 60 days after the date of the notices as alleged in the complaint. This action was then filed within 22 days of actual notice and prior to the expiration of the ultimate 240 day period.

Plaintiffs also allege that the notices of disallowance were deficient because they did not meet the requirements of 12 U.S.C. § 1821(d)(5)(A) to the extent that they did not include the procedure for obtaining judicial review.

The Court concludes that the allegations of the complaint are sufficient at this stage to establish the timeliness of Plaintiffs' complaint. Plaintiffs alleges that the FDIC's notices of disallowance did not meet the statutory requirements to trigger the commencement of the 60 day period set forth in Section 1821(d)(6)(A) and Plaintiff filed this action prior to the expiration of the ultimate 240 day period. Accordingly, the FDIC's argument that the complaint was untimely filed fails at this stage.

### III.   Whether the Complaint States a Claim for Which Relief Can Be Granted

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

The FDIC argues that Plaintiffs have failed to state a claim for relief because damages pursuant to an acceleration clause in a lease are expressly prohibited under 12 U.S.C. § 1821(e)(4)(B)(ii) and the FDIC is therefore not liable for accelerated rent or rent accrued after repudiation.  Plaintiffs counter that the FDIC's argument is flawed because the heart of Plaintiffs' claims is the loss of the payment of the Loan assigned by the FDIC to 1st United, not damages related to the acceleration of rent.  The complaint alleges that the FDIC's repudiation of the Lease to Trinity Center left Trinity Corner in the position of having to pay a large portion of the Loan that it would not otherwise have been obligated to pay.  Because the Loan and the Lease were part of one transaction, the FDIC could not sell the Loan separate and apart from the Lease, repudiate the Lease, and leave Trinity Corner without rents from the Lease to pay the Loan.

The Court agrees that under the alleged facts, Plaintiffs have adequately stated a claim that the Loan and the Lease were part of one transaction, which prevented the FDIC from repudiating the Lease.  The cases cited by Plaintiffs in their response make it clear that section 1821(e)(4)(B)(ii) does not bar a plaintiff from claiming that the FDIC cannot repudiate only part of an integrated contract.   *See WRH Mortg., Inc. v. S.A.S. Associates*, 214 F.3d 528 (4th Cir. 2000), *Hackel v. F.D.I.C.*, 858 F. Supp. 289 (D. Mass. 1994), *Capital Guidance Associates IV v. NCNB Texas Nat. Bank*, 1991 WL 210740 (S.D. Tex. Oct. 7, 1991).  At this stage, the Court must assume the truth of the allegations that the Loan and the Lease were one transaction and that the FDIC's repudiation of the Lease excused any remaining obligation under the Loan.

Plaintiffs have also adequately alleged that the FDIC did not repudiate the Lease within a reasonable period of time. The FDIC's arguments to the contrary are not appropriate on a motion to dismiss.

Accordingly, the FDIC's argument that the complaint fails to state an actionable claim fails at this stage.

Finally, the Court denies as premature the FDIC's argument that the claims asserted by Trinity Center and Trinity Corner are duplicative. The complaint makes it clear that Trinity Center and Trinity Corner are joined as Plaintiffs because of the integrated contract in which they are both inextricably connected. It is axiomatic that *both* parties cannot recover the same damages.

It is therefore ORDERED AND ADJUDGED that:

1. The motion to dismiss filed by Defendant Federal Deposit Insurance Corporation, as Receiver for Old Harbor Bank, (Dkt. 4) is DENIED.

2. The FDIC shall file an answer to the complaint within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on July 9, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2013\13-cv-370.mtdismiss.frm