UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRINITY TOWN CENTER, LLLP and
TRINITY CORNER, LLC,

    Plaintiffs,

v.                                                                                    Case No: 8:13-cv-370-T-36AEP

FEDERAL DEPOSIT INSURANCE
CORPORATION,

    Defendant.
_____/

# ORDER

This cause comes before the Court upon the Plaintiffs Trinity Town Center, LLLP, and Trinity Corner, LLC's (collectively, "Plaintiffs") Motion for Order Staying Proceeding Pending Materially Dispositive State Court Order (Doc. 32), filed on September 19, 2014. In their motion, Plaintiffs note that Defendant opposes the motion, *see* Doc. 32 at 3, but Defendant has not filed a response in opposition to Plaintiffs' motion and the time to do so has expired. The Court will therefore proceed to analyze the motion according to Plaintiffs' submission and the controlling law. Upon due consideration of Plaintiffs' submission, and for the following reasons, the Court will DENY, without prejudice, Plaintiffs' Motion for Order Staying Proceeding.

## BACKGROUND

Briefly, the Complaint alleges as follows: Trinity Town Center leased certain real property to Old Harbor Bank in March 2006 ("Lease"). In August 2009, Old Harbor Bank renewed and advanced additional funds on an existing loan to Trinity Corner ("Loan"). The Lease was assigned as collateral for the Loan, and payments due to Trinity Town Center under the Lease were to be set off against payments due to Old Harbor Bank under the Loan. In August 2011, Plaintiffs

notified Old Harbor Bank that it was in default of the Lease, and sought to accelerate the payments under the Lease and apply the balance to the Loan. Old Harbor Bank ignored the acceleration and setoff of the total lease payments.

In October 2011, the FDIC was appointed receiver for Old Harbor Bank. 1st United Bank subsequently purchased the assets of Old Harbor Bank, including the Loan, and possessed the premises until January 2012. In March 2012, the FDIC notified Trinity Town Center that it was repudiating the Lease and informed Trinity Town Center that it had 90 days to file a claim. Plaintiffs each filed a Proof of Claim in June 2012. In October 2012, the FDIC issued a notice disallowing the claims in part, determining that some portion of the claims was time-barred. In their Complaint, Plaintiffs therefore seek a judgment that the FDIC, as receiver for Old Harbor Bank, could not repudiate the Lease, and that they are entitled to damages for the breach of the Lease.

Related to this action, Trinity Corner is currently a defendant in a foreclosure case brought by 1st United Bank ("State Court Action"). In that action, 1st United Bank is seeking enforcement of the Loan, and Trinity Corner's primary defense is that the Loan and the Lease are a unitary transaction and that 1st United Bank cannot enforce the Loan because the FDIC repudiated the Lease. In July 2014, the judge in the State Court Action entered summary judgment in favor of Trinity Corner, finding that the Lease and the Loan were part of a unitary transaction, and that the FDIC's repudiation of the Lease excused any remaining obligation under the Loan. Doc. 32-1 ("State Court Order"). 1st United Bank appealed the State Court Order, but the appeal was dismissed when the Second District Court of Appeal found that the State Court Order was not a final judgment for appeal purposes. Doc. 32-2.

Plaintiffs now seek a stay of the instant action, asserting that if Trinity Corner's obligation to pay the Loan is excused, there is no obligation for which the FDIC can be held responsible. Plaintiffs state that should the State Court Order become a final order and either no appeal is filed or the appeal fails, it will dismiss its Complaint in this action.

## DISCUSSION

When ruling on a motion to stay pending the resolution of a related case in another forum, a district court must consider both the scope of the stay and the reasons given for the stay. *See Trujillo v. Conover & Co. Commn'cns, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000). Here, Plaintiffs argue, and the Court agrees, that the resolution of the pending State Court Order will likely be dispositive of the issues in this case and that a stay may very well preserve judicial economy. The Court, however, cannot grant Plaintiffs' relief as requested because Plaintiffs are seeking a stay that is "immoderate" and thus prohibited by the binding precedent of the Eleventh Circuit.

As mentioned above, Plaintiffs are seeking a stay pending the resolution of the State Court Order, including any potential appeals. However, there is no evidence that there is an appeal currently pending before the Florida District Court of Appeal. There is not even any evidence that there is an order that is currently final and appealable. And there is no indication as to when the State Court Action will be fully resolved or when the trial date is set. The duration of the requested stay thus apparently turns on: (1) whether and when the State Court Order becomes final for purposes of appeal; (2) whether third party 1st United Bank decides to appeal that order; (3) whether the hypothetical appeal succeeds or fails; and (4) whether Plaintiffs will further appeal any hypothetical appellate court order. The Court cannot discern how long this process may take, and granting this request would effectively result in a stay that is indefinite. Such stays are prohibited by the Eleventh Circuit. *See, e.g.*, *Trujillo*, 221 F.3d at 1264 (finding indefinite and

reversing the district court's grant of a stay because it would remain in effect until the Bahamian Courts concluded their review, including trial and the exhaustion of appeals); *Am. Manuf. Mut. Ins. Co. v. Edward D. Stone, Jr. & Associates*, 743 F.2d 1519, 1524 (11th Cir. 1984) (finding indefinite and reversing the district court's grant of a stay pending the conclusion of state court proceedings where the state proceedings had been pending for 18 months and no trial date had been set).

Accordingly, it is hereby **ORDERED**:

1. Plaintiffs' Motion for Order Staying Proceeding Pending Materially Dispositive State Court Order (Doc. 32) is **DENIED** without prejudice.  Plaintiffs may renew their Motion to Stay if and when they can provide this Court with temporal boundaries that would appropriately limit the scope of any requested stay.

**DONE AND ORDERED** in Tampa, Florida on October 14, 2014.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any